**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ANTHONY BARRETTO, | No. 08-55391 |
| Petitioner - Appellant, | D.C. No. 2:03-cv-04635-DSF-JTL |
| v. | |
| BEN CURRY, Warden, | MEMORANDUM[*] |
| Respondent. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 11, 2010
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and GWIN, District Judge.[**]

Petitioner Oscar Barretto appeals the district court's dismissal of his petition

for a writ of habeas corpus. Because the California Supreme Court did not reach

the merits of Barretto's petition, we review the district court's denial of Barretto's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

petition de novo. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). We affirm.

The only argument before the court is Barretto's contention that his counsel provided ineffective assistance by failing to initiate plea negotiations with the Government before the morning of the first day of trial. To prevail on this claim, Barretto must show (1) that his counsel's conduct fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that Barretto was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Without deciding whether Barretto's counsel's conduct was objectively unreasonable, we hold that Barretto cannot show a reasonable probability exists that he was prejudiced by his counsel's conduct because Barretto cannot show a reasonable probability that Judge Brodie would have approved a plea bargain had Barretto's counsel been able to negotiate one.

In 2000, Barretto was convicted in California state court of being a felon in possession of a firearm after he was spotted running through an apartment complex with a handgun that police later discovered was loaded with hollow-point bullets. Prior to this conviction, Barretto had already accumulated four "strikes" under California's Three Strikes Law. All four strikes stemmed from a 1984 burglary in which Barretto and two others robbed three men at rifle point in their home.

Between 1984 and 2000, Barretto had several additional run-ins with the law and served jail time on four occasions, three times following convictions for being under the influence of drugs and once following a petty theft conviction. Barretto avoided a Three Strikes sentence of 25 years to life for the theft conviction only because the sentencing judge dismissed one of Barretto's existing strikes.

In order to avoid a Three Strikes sentence in this case, Barretto again had to argue successfully for dismissal of one or more of his strikes. The record suggests no reasonable probability that Judge Brodie would have dismissed one of Barretto's strikes had Barretto attempted to plead guilty. When the Government and Barretto's counsel raised the possibility of a plea bargain on the morning of trial, Judge Brodie did not permit the parties additional time to pursue a plea agreement. At Barretto's sentencing hearing, Judge Brodie declined to dismiss any of Barretto's strikes and instead sentenced Barretto to 25 years to life. Before imposing that sentence, Judge Brodie discussed at length Barretto's criminal history and the fact that Barretto received leniency once before when he avoided a Three Strikes sentence for his theft conviction. Judge Brodie referred to Barretto's 1984 burglary as a "horrible, terrible crime" and noted that during the offense Barretto "had a rifle, and he stuck it to someone's head." Judge Brodie also emphasized that the handgun Barretto was convicted of possessing was "loaded

3

with hollow-point bullets" and stated that this fact "trouble[d him] just mightily." Judge Brodie ultimately concluded that the circumstances of Barretto's crime and criminal history were so compelling that leniency did not "fall within the parameters of . . . [his] discretion."  Accordingly, on the record before us, we conclude that Barretto failed to show a reasonable probability that he was prejudiced by his counsel's conduct.

**AFFIRMED.**